IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAURI BURNETT,

    Plaintiff,

vs.

NANCY A. BERRYHILL,

Acting Commissioner of the
Social Security Administration,

    Defendant.

: Case No. 3:16-cv-479

: JUDGE WALTER H. RICE

: MAGISTRATE JUDGE
  SHARON L. OVINGTON

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #10); OBJECTIONS OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, TO SAID JUDICIAL FILING (DOC. #11) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF LAURI BURNETT AND AGAINST COMMISSIONER, REVERSING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS; TERMINATION ENTRY

---

Plaintiff Lauri Burnett ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 2, 2018, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #10, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed, and that the matter be remanded to the Commissioner for further proceedings, pursuant to Sentence Four of 42 U.S.C. § 405(g). Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #10, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #5, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES the Commissioner's Objections, Doc. #11, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the matter, pursuant to Sentence Four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might

2

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

Servs., 658 F.2d 437, 439 (6th Cir. 1981) (citing Moore v. Califano, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In the Report and Recommendations, the Magistrate Judge noted that the Commissioner's Administrative Law Judge ("ALJ") did not provide sufficient explanation for declining to assign controlling weight to the opinion of Philip A. White, M.D., Plaintiff's treating neurologist, prior to assigning little weight to the opinion. The Magistrate Judge noted that the failure to follow the two-step process in evaluating treating medical source opinions constituted error, and given Dr. White's specialization in neurology and lengthy, intensive treatment history with Plaintiff, such error mandated reversal. Doc. #10, PAGEID #652-54 (quoting Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 377 (6th Cir. 2013); citing Doc. #5, PAGEID #67, 556; 20 C.F.R. § 404.1527(c)(2)(i), (c)(5); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004)). The Commissioner argues that the ALJ provided ample explanation of why Dr. White's opinion was both internally inconsistent and not supported by substantial medical evidence of record. Doc. #11, PAGEID #665-66 (citing Doc. #5, PAGEID #66-67, 511-13, 546-48, 556). As internal inconsistency and lack of external validity are valid reasons to discount the weight of a treating or a non-treating source opinion, any failure by the ALJ to go through the formal two-step process for evaluating Dr. White's opinion is not grounds for remand. Id., PAGEID #664-65 (citing 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 651 (6th Cir. 2009); Combs v. Comm'r of Soc. Sec., 459 F.3d

4

640, 652 (6th Cir. 2006) (*en banc*); *Bogle v. Sullivan,* 998 F.2d 342, 347-48 (6th Cir. 1993); *Francis v. Comm'r of Soc. Sec.*, No. 09-6263, 414 F. App'x 802, 804 (6th Cir. 2011); *Price v. Comm'r of Soc. Sec.*, No. 08-4210, 342 F. App'x 172, 176 (6th Cir. 2009)).

The Commissioner's arguments are not persuasive. As the Magistrate Judge noted, Dr. White's specialization and length of treatment history (beginning in 2006) weighed in favor of giving controlling or great weight to his opinion. Doc. #10, PAGEID #654-55 (citing Doc. #5, PAGEID #67, 556; 20 C.F.R. § 404.1527(c)(2)(i), (c)(5)). Moreover, while the Commissioner cites discrepancies between Dr. White's November 2013 and May 2014 opinions as evidence of internal inconsistency, Doc. #11, PAGEID #665 (citing Doc. #5, PAGEID #66, 511-13, 546-48), Dr. White explained that those discrepancies reflected both a deterioration in Plaintiff's condition, and the unpredictability of Plaintiff's seizure activity in general. Doc. #10, PAGEID #658 (citations omitted); Doc. #12, PAGEID #672 (citing Doc. #5, PAGEID #461, 513, 548). Thus, the ALJ's conclusion that Dr. White's opinion was not well-supported was belied by the evidence of record, and the ALJ's failure to determine whether to assign controlling weight to that opinion is reversible error. *Gayheart*, 710 F.3d at 377.

2. Alternatively, the Commissioner argues that Plaintiff's non-compliance with medication supports the ALJ's finding of non-disability. Doc. #11, PAGEID #667 (citing Doc. #5, PAGEID #64, 490, 520-21, 547; 20 C.F.R. §§ 404.1530(b), 416.930(b)). Yet, the only mentions of Plaintiff's alleged non-compliance in the ALJ's decision are: (1) Dr. White, in November 2013, allegedly conveying to an emergency room physician "concern that the claimant had been noncompliant with her seizure medication[,]" Doc. #5, PAGEID

5

#64; and (2) an emergency room physician in May 2014 "report[ing] that her medication level was minimally sub-therapeutic." *Id.* As Plaintiff notes, the record is replete with evidence of compliance with medication throughout the insured period; specifically, Dr. White opined in June 2015 that he could not increase Plaintiff's medication levels in response to increased seizure activity, as Plaintiff was already maxed out in her medication. Doc. #12, PAGEID #673 (citing Doc. #5, PAGEID #512, 547, 563). Thus, absent further explanation by the ALJ, Plaintiff's periodic non-compliance, if any, is not a reasonable basis for a finding of nondisability.

3. Plaintiff argues that remand for an immediate award of benefits is appropriate "because the proof of disability is strong and evidence to the contrary is lacking." Doc. #12, PAGEID #673 (citing *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). However, the ALJ identified the opinions of the Commissioner's record reviewing physicians, William Bolz, M.D., and Gary Hinzman, M.D., record reviewing psychologists, Karen Terry, Ph.D., and Cynthia Waggoner, Psy.D., and examining psychologist, James Rosenthal, Psy.D., all of whom concluded that Plaintiff had no disabling impairment. Doc. #5, PAGEID #61, 65-66. As evidence of nondisability is present, and the evidence of disability is not overwhelming, remand for further proceedings, rather than an award of benefits, is appropriate. *Faucher*, 17 F.3d at 176.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #10. The Commissioner's Objections to said judicial filing, Doc. #11, are OVERRULED. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the case to the Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 13, 2018

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT